**People of the State of Illinois, ex rel. Fred E. Latch, State's Attorney, Appellant, v. William H. Whitaker, Appellee.**

1.  PLEADING—*when failure to carry back demurrer not error.* The failure of the court to carry back a demurrer sustained to the first defective pleading is not error in the absence of a motion requesting that such demurrer be so carried back.

2.  PLEADING—*when erroneous sustaining of demurrer to particular counts of information harmless.* Notwithstanding it may have been error for the court to sustain a demurrer to certain counts of an indictment such error is harmless if all of the questions arising upon the record were properly presentable under another count of the information as to which no demurrer was sustained.

3.  PLEADING—*function of replication.* The office of a replication is to reply to the issues of fact presented by the plea either by matter of estoppel, denial or by confession and avoidance.

4.  PLEADING—*when demurrer to replication to pleas filed to information to try title to office properly sustained.* A demurrer to a replication filed in such an action is properly sustained where such replication admits the facts set forth in the pleas and does not attempt to traverse these facts but only avers that the facts set forth in the pleas do not justify the conclusions of the defendant that they present a legal title to the office in question.

5.  COSTS—*when judgment improper.* No judgment for costs can be rendered against the plaintiff in an action brought in the name of the People and upon authority of the People.

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

FRED E. LATCH, for appellant; WALTER C. HEADEN and GEORGE B. RHOADES, of counsel.

JAMES W. & EDWARD C. CRAIG, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

By leave of the Shelby Circuit Court, information was filed on June, 1909, against William H. Whitaker, requiring him to show by what warrant of law he

held and exercised the office of master in chancery in Shelby county. This information was filed by the State's Attorney in the name of the People of the State of Illinois without naming a relator. The information consisted of two counts, demurrer was filed to each count and sustained as to the second and overruled as to the first count. Appellee, Whitaker, then filed his pleas, setting forth by what right he held said office. The first plea set forth an appointment of John W. Yantis as master in chancery on the third day of June, 1907, which order provided that said Yantis should hold said office for the term of two years, extending until the first day of the June term, 1909, of said court; that the term of said Yantis expired on the third day of June, 1909, two years from the date of his said appointment, and that on June 5, 1909, the term for which John Yantis was appointed having expired, the then presiding judge of said court, Honorable A. M. Rose, appointed appellee as master in chancery for the term of two years; that he thereupon filed his bond and took and subscribed the oath as required by the statute.

The second plea set forth that on the 21st day of June, 1909, the Honorable A. M. Rose, who was then the presiding judge of the Shelby Circuit Court, entered an order upon the records of said court removing John W. Yantis, who was then pretending to act as master in chancery for the reason that he did not possess the necessary qualifications for filling said office and thereupon appointed appellee as master in chancery for a period of two years from that date; that appellee thereupon filed his bond and oath and duly qualified as such master.

The third plea sets up substantially the same matters as the first, showing the expiration of the term of office of John W. Yantis and the appointment of appellee on the fifth day of June and further, that on the seventh day of June Honorable Truman E. Ames, presiding over said court, entered an order

therein reciting that an attempt had been made to appoint appellee as master in chancery contrary to law and reciting that the said Yantis' term did not expire until the first day of the June term; that the first day of said June term was on the seventh day of June and reciting further that Whitaker did not possess the kind of qualifications necessary for the office. The order appointing W. H. Whitaker on the third day of June was set aside but no appointment of John W. Yantis was then made, the order merely reciting that he was then the legal master in chancery of said county.

Later, on the said seventh day of June, the said Honorable Truman E. Ames entered another order finding that the official term of John W. Yantis expired on that day and reappointed him for the term of two years and that afterwards on the twenty-first day of June, 1909, the Honorable A. M. Rose, then presiding in said court, entered an order removing said Yantis and appointing appellee master in chancery of said court to succeed John W. Yantis; and that after the said appointment on the twenty-first day of June, as aforesaid, appellee duly filed his bond and oath of office and duly qualified as such officer, and each plea ending with the usual *absque hoc.*

The people, by the State's Attorney, filed a replication to the pleas of appellee, setting forth substantially the same orders of court as those set forth in the pleas, and the substance of the reply to the pleas in this replication is, that on the fifth day of June, 1909, at the time of the appointment of appellee as master in chancery by the Honorable A. M. Rose, John W. Yantis' term of office had not expired and that he was then an elector, residing in Shelby county and was the duly qualified master, and that no order of removal was made at that time, consequently the appointment of appellee on June 5th was illegal.

To sustain appellant's position in this matter he

relies upon the order of appointment of John W. Yantis on June 3, 1907, which provided that his term of office should extend for the term of two years and until the first day of the June term, 1909. The statute authorizing the appointment of the master in chancery only authorizes his appointment for the term of two years and the court by its order could not increase this term of office, and this appointment having been made upon June 3, 1907, the term expired June 3, 1909, and John W. Yantis was not the master in chancery of Shelby county on June 5, 1909, at the time of the appointment of appellee. There is no provision for a master in chancery holding until his successor is elected and qualified, but the term of office is for a specific term of two years and at the time of the appointment of Whitaker on June 5, 1909, the office of master in chancery in Shelby county was vacant.

The replication further set forth the order of the Honorable Truman E. Ames removing said Whitaker from the office of master in chancery on the seventh day of June and the appointment of said John W. Yantis and the qualification of the said Yantis under said appointment.

It also sets forth the order of June 21st reappointing appellee as master in chancery of said court but avers that there had been no order entered after June 7th removing said Yantis from his appointment of that date and avers further, that the Honorable A. M. Rose, who made the appointment of appellee on June 21st, was not then and there the judge of the said June term, but on the said twenty-first day of June was presiding over said court and did make said order, and also avers the due qualification of appellee under and by virtue of his appointment on the twenty-first day of June, 1909, and further that on the seventh day of July, 1909, appellee appeared in the said circuit court and presented a new bond under and by virtue of his appointment of June

21, 1909, and that thereupon on the eighth day of July, at said June term, the court entered a *nunc pro tunc* order, directing that the said bond should be filed as of date June 21, 1909, and denies that the plaintiff holds the office by any other right, etc.

Demurrer was filed to this replication and sustained by the court.

The people elected to stand by their replication and judgment was rendered quashing the writ and it is from that judgment this appeal is prosecuted by the people.

Appellant insists that the replication presented a good and sufficient answer to this plea and further insists that if the replication was bad that the pleas of appellee were bad and the demurrer should have been carried back to the first defective pleading. In answer to the contention that the demurrer should have been carried back, no motion was made by appellant to have the demurrer carried back to the pleas and without such motion or request on the part of appellant the court did not err in failing to carry the demurrer back. People v. Central Union Telephone Co., 192 Ill. 307.

Upon the further contention that the court erred in sustaining the demurrer to the second count of the information it is sufficient to say that all of the questions arising on this record and all of the questions raised were properly presentable under the first count of the information and it is immaterial that the court sustained a demurrer to the second count. People ex rel. v. Cooper, 139 Ill. 461.

Upon the assignment of error that the court erred in sustaining the demurrer to the replication, the office of a replication is to reply to the issues of fact presented by the plea either by matter of estoppel, denial or by confession and avoidance. The replication filed admits the facts set forth in the pleas and does not attempt to traverse these facts but only avers that the facts set forth in the pleas do not justify the con-

clusions of appellee that they present a legal title to this office and on these facts appellant arrives at the conclusion that the facts do not show a legal title to the office. If the contention of appellant is correct, he should have demurred to the pleas and not replied thereto.

The facts set forth in the pleas show that on June 5, 1909, appellee was duly appointed master in chancery of Shelby county, that on the seventh day of June he was removed from said office by the then presiding judge of said court, and that John W. Yantis was thereupon appointed; that Yantis continued in this office as master in chancery until the twenty-first day of June, 1909, when he was removed by an order which recited that he did not possess the qualifications necessary to properly discharge the office and upon his removal appellee was thereupon appointed; that he thereupon filed his bond and duly qualified as such master; consequently on the date of the filing of the information herein, June 30, 1909, appellee was *de jure* master in chancery of Shelby county, and he is now the *de jure* master in chancery of Shelby county, and the replication admitting these facts presented no issue and the demurrer was properly sustained thereto, and the court below committed no error in its judgment quashing the writ and information.

This action being brought in the name of the people and upon authority of the people, no judgment for costs can be rendered against it.

The judgment is affirmed.

*Affirmed.*